UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL QUINTIN GRADY, CDCR #AS-8775 | Case No. 3:20cv1273-MMA-WVG |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| MARIO ALONZO, et al., | [Doc. No. 23] |
| Defendants. | |

Plaintiff Mitchell Quintin Grady, a state prisoner proceeding *pro se*, has filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 alleging that five prison officials violated his Fourteenth Amendment rights. *See* Doc. No. 10 at 3–6; *see also* Doc. No. 13 at 7–8.[1] All five Defendants—Alonzo, Dominguez, Urbina, Romero, and Veliz—move to dismiss Plaintiff's Fourteenth Amendment claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 23 at 1–2. Plaintiff filed an opposition to Defendants' motion, and Defendants replied. *See* Doc. Nos. 24, 25. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

**B**ACKGROUND[2]

2      This action arises out of an altercation between Plaintiff and Defendant Alonzo on

3  February 11, 2020.  *See* Doc. No. 10 at 1, 3.  The altercation led to a prison disciplinary

4  hearing, where Plaintiff was found guilty of committing "battery on a peace officer with a

5  weapon."  *See id.* at 3.

6      Few details surrounding the altercation are important to Plaintiff's claim; however,

7  the altercation did culminate in Plaintiff throwing a cup.  *See id.*  Plaintiff alleges that the

8  cup was not thrown at and did not hit Defendant Alonzo.  *Id.*  Plaintiff further alleges that

9  Defendants "fabricated evidence" by reporting that Plaintiff threw the cup at and hit

10  Defendant Alonzo.  *Id.* at 3–6.  According to Plaintiff, the alleged fabricated evidence

11  resulted in his conviction, which in turn led to Plaintiff "getting a SHU term of maximum

12  11 months, and losing 150 days of good time credit that can't be gotten back."  *Id.* at 3;

13  *see also* Doc. No. 23-3 at 13–14.  Plaintiff appealed his conviction, but the appeal was

14  denied.  *See* Doc. No. 24 at 19.

15      Based on these allegations, Plaintiff brings a fabrication of evidence claim against

16  all Defendants pursuant to the Fourteenth Amendment.  *See* Doc. No. 10 at 3–6; *see also*

17  Doc. No. 13 at 7–8.  Even though Plaintiff's FAC does not contain any demand for relief,

18  Plaintiff sues Defendants in their individual capacities.  Doc. No. 10 at 2.  Accordingly,

19  the Court liberally construes his pleading as seeking damages.

20      Defendants move to dismiss the fabrication of evidence claim for failure to state a

21  claim upon which relief can be granted.  Doc. No. 23 at 1–2.

**R**EQUEST FOR **J**UDICIAL **N**OTICE

23      As an initial matter, Defendants and Plaintiff request that the Court take judicial

24  notice of several exhibits.  Doc. No. 23-1 at 1; Doc. No. 24-1 at 1–2.

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the FAC.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

## A. LEGAL STANDARD

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . .." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)). However, "a court may take judicial notice of matters of public record," *Khoja*, 899 F.3d at 999 (quoting *Lee*, 250 F.3d at 689), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)).

## B. DISCUSSION

The Court considers the parties' requests in the order they were presented to the Court.

### 1. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of two exhibits. Doc. No. 23-1 at 1. Exhibit 1 contains two documents: the Rule Violation Report ("RVR") generated as a result of the February 11, 2020 incident and the Disciplinary Hearing Results ("DHR"). *See* Doc. No. 23-3 at 3, 9. Exhibit 2 is a screenshot of the CDCR inmate locator website ("Website"). *See id.* at 20. Plaintiff does not object to Defendants' request. *See* Doc. No. 24.

The Court may take judicial notice of official records of the California Department of Corrections and Rehabilitation ("CDCR") so long as the underlying content is "not subject to reasonable dispute." *Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2004)

(quoting *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004)). Government websites are also available for judicial notice so long as "neither party disputes the authenticity of the [website] or the accuracy of the information displayed therein." *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

The RVR is an official record of the CDCR. *See* Doc. No. 23-3 at 3. "Federal courts have found that RVRs fall within the category of public records subject to judicial notice." *Venson v. Jackson*, No. 18CV2278-BAS (BLM), 2019 U.S. Dist. LEXIS 117529, at *11 (S.D. Cal. July 15, 2019) (collecting cases). However, the RVR's underlying content describes the February 11, 2020 altercation from multiple perspectives. *See id.* at 3, 7, 8. Such content is subject to reasonable dispute because Plaintiff and Defendants alleged different stories. *Compare* Doc. No. 10 at 3 (asserting Plaintiff "never . . . hit [Defendant] Alonzo with a state cup"), *with* Doc. No. 23-3 at 3 (asserting Plaintiff's "cup hit [Defendant Alonzo's] right foot"). Thus, while the Court takes judicial notice of the RVR generally, it does not take judicial notice of its content to the extent any such content is reasonably in dispute. *See, e.g.*, *Hodge v. Gonzales*, 2017 U.S. Dist. LEXIS 34039, 2017 WL 931829, at *6 (E.D. Cal., Mar. 9, 2017).

The DHR is also an official record of the CDCR. *See* Doc. No. 23-3 at 9. Further, its underlying content is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Thus, the Court takes judicial notice of the DHR. The DHR reiterates two significant facts: (1) Plaintiff was convicted "for the specific act of Battery on a Peace Officer" and (2) Plaintiff's conviction caused Plaintiff to lose 150 days of good time credit.[3] *See* Doc. No. 23-3 at 13–14.

The Website is a government website. *See* Doc. No. 23-2 at 2 (utilizing ".gov" in the domain name). "[N]either party disputes the authenticity of the [Website] or the

---

[3] These facts were also mentioned in Plaintiff's FAC. *See* Doc. No. 10 at 3.

accuracy of the information displayed therein." *Daniels-Hall*, 629 F.3d at 998–99. Thus, the Court takes judicial notice of the Website.[4]

Accordingly, the Court **GRANTS in part and DENIES in part** Defendants' request for judicial notice. The Court **GRANTS** Defendants' request as it pertains to the RVR, generally, as well as the DHR and Website. The Court **DENIES** Defendants' request as it pertains to disputed facts set forth in the RVR.

### 2. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff requests that the Court takes judicial notice of five exhibits. Doc. No. 24-1 at 1–2. Defendants do not object to Plaintiff's request. *See* Doc. No. 25.

Exhibit 1 is an official record of the CDCR—a memo from CDCR to Plaintiff ("Memo"). *See* Doc. No. 24 at 15. Some of the Memo's underlying content is subject to reasonable dispute. *See id.* 15–18 (describing the February 2020 altercation from multiple perspectives). However, certain content is "not subject to reasonable dispute." *See* Doc. No. 24 at 19 (rejecting Plaintiff's appeal); Fed. R. Evid. 201(b). As with the RVR, the Court may take judicial notice of the Memo without accepting as true every assertion therein. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Thus, the Court takes judicial notice of the Memo but only insofar as it relates to the outcome of Plaintiff's appeal.

Exhibit 2 is the incident report package ("IRP"), Exhibit 3 is the RVR, again, and Exhibit 4 is a CDCR Form 602 ("Form 602"). *See* Doc. No. 24 at 21, 26, 28. These three exhibits describe the February 11, 2020 altercation from multiple perspectives. *See id.* at 21–31. As discussed, such content is subject to reasonable dispute. Thus, the Court takes judicial notice of these documents but declines to take judicial notice of any disputed facts contained therein.

---

[4] None of the facts on the Website are relevant to the issues now before the Court. *See* Doc. No. 23-3 at 20–21.

State court documents are available for judicial notice. *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1012 (S.D. Cal. 2018). Exhibit 5 is a state court document. *See* Doc. No. 24 at 33. Thus, the Court takes judicial notice of Exhibit 5.[5]

Accordingly, the Court **GRANTS in part and DENIES in part** Plaintiff's request for judicial notice. The Court **GRANTS** Plaintiff's request as it pertains to the Exhibits, generally, but **DENIES** Plaintiff's request as it pertains to any disputed facts set forth therein.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.

---

[5] None of the facts in Exhibit 5 are relevant to the issues now before the Court. *See* Doc. No. 24 at 33.

1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not
sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.
1998).

When the plaintiff is appearing *pro se*, the court must construe the pleadings
liberally and afford the plaintiff any benefit of the doubt.  *See Thompson v. Davis*, 295
F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621,
623 (9th Cir. 1988).  In giving liberal interpretation to a *pro se* complaint, however, the
court is not permitted to "supply essential elements of the claim that were not initially
pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Ordinarily, the court must give a *pro se* litigant leave to amend his complaint
"unless it determines that the pleading could not possibly be cured by the allegation of
other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation
omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).  Thus, before a
*pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a
statement of the complaint's deficiencies.  *Karim-Panahi*, 839 F.2d at 623–24.  But
where amendment of a *pro se* litigant's complaint would be futile, denial of leave to
amend is appropriate.  *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

**B. DISCUSSION**

Defendants argue that Plaintiff's fabrication of evidence claim is not plausible.  *See*
Doc. No. 23 at 3–9; *see also* Doc. No. 25 at 1–2.  Specifically, Defendants argue that the
favorable termination doctrine bars Plaintiff's claim.[6]  *See* Doc. No. 23 at 3–9; *see also*
Doc. No. 25 at 1–2.  Plaintiff generally argues that his claim should not be dismissed
because his constitutional rights have been violated.  *See* Doc. No. 24 at 6–12.

---

[6] Defendants argue only that Plaintiff's claim is not plausible due to the favorable termination doctrine;
Defendants do not contend that Plaintiff fails to sufficiently plead the elements for a fabrication of
evidence claim.  *See* Doc. No. 23 at 3–9; *see also* Doc. No. 25 at 1–2.  A due process fabrication of
evidence claim has two elements: "(1) the defendant official deliberately fabricated evidence; and (2) the
deliberate fabrication caused the plaintiff's deprivation of liberty."  *Spencer v. Peters*, 857 F.3d 789, 798
(9th Cir. 2017).  Plaintiff has adequately pleaded those elements.  *See* Doc. No. 13 at 7–8.

The Supreme Court enunciated the favorable termination doctrine in *Heck v. Humphrey*, holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The favorable termination doctrine extends to prison disciplinary hearings "that affect[] the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).

Here, Plaintiff was convicted in a prison disciplinary hearing. *See* Doc. No. 10 at 3; *see also* Doc. No. 23-3 at 13. Plaintiff lost 150 days of good time credit due to the conviction. *See* Doc. No. 10 at 3; *see also* Doc. No. 23-3 at 14. The loss of good time credit could affect the length of Plaintiff's confinement. *See Good Conduct Credit Changes: Frequently Asked Questions*, California Department of Corrections and Rehabilitation, https://www.cdcr.ca.gov/credit-earning-opportunities-frequently-asked-questions/ ("The application of credits may advance an incarcerated person's release date."). Accordingly, the favorable termination doctrine applies to Plaintiff's fabrication of evidence claim. *See Nettles v. Grounds*, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc) ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.'" (citations omitted)).

*Heck* instructs that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added). "*Heck* dismissals reflect a matter of 'judicial traffic control' and prevent civil actions from collaterally attacking existing criminal judgments." *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (quoting *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) (internal quotation marks and citation omitted) and citing *Heck*, 512 U.S. at 483-

8

87). "Therefore, as with affirmative defenses, a court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6)" if a plaintiff pleads himself out of a plausible claim, as Plaintiff does so in this case. *Id.*

Plaintiff alleges that the fabricated evidence caused his conviction. *See* Doc. No. 10 at 3–6. Moreover, Plaintiff does not mention any other evidence that was used to secure his conviction. *See id.* Therefore, to succeed in his § 1983 suit, Plaintiff must prove that Defendants fabricated evidence. *See Spencer v. Peters*, 857 F.3d 789, 798 (9th Circuit 2017). "[A] judgment in favor of [Plaintiff] would necessarily imply the invalidity of his conviction" because without the alleged fabricated evidence, there is no evidence to support Plaintiff's conviction. *Heck*, 512 U.S. at 487. But Plaintiff's conviction has not yet been invalidated.[7] *See* Doc. No. 24 at 19.

In sum, the favorable termination doctrine renders Plaintiff's claim implausible because it is "an 'obvious bar to securing relief.'" *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016) (quoting *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014)). Accordingly, Plaintiff's fabrication of evidence claim is subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. Dismissal is without prejudice but also without leave to amend. *See Washington*, 833 at 1055 (*Heck* dismissal is without prejudice); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (same); *see also James*, 221 F.3d at 1077 (no leave to amend if amendment would be futile).

---

[7] Furthermore, the Court notes that Plaintiff does not appear to have exhausted his administrative remedies. *See* Doc. No. 24 at 19. However, the Court refrains from analyzing the plausibility of Plaintiff's claim under the requirement that prisoners suing pursuant to § 1983 must exhaust administrative remedies. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (1996). Because dismissal is without prejudice, if Plaintiff eventually exhausts his remedies and succeeds in invalidating his conviction, he may bring a new action.

The Court **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: July 15, 2021

HON. MICHAEL M. ANELLO
United States District Judge